**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

CAPITAL ONE FINANCIAL CORPORATION,

    Plaintiff,

v.

CAPITAL ONE GROUP, LLC, and
ERIC WILLNER

    Defendants.

**JURY TRIAL DEMANDED**
Case No. __1:18cv780__ (TSE/MSN)

**COMPLAINT FOR BREACH OF CONTRACT,
TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,
CYBERSQUATTING, AND UNFAIR COMPETITION**

Plaintiff Capital One Financial Corporation ("Capital One"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action for breach of contract, trademark infringement, trademark dilution, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia statutory and common law. Capital One seeks equitable and monetary relief from multiple breaches of a settlement agreement entered into by Capital One and Defendants Capital One Group, LLC and Eric Willner (individually and collectively "Defendants") related to Defendants' knowing violations of Capital One's longstanding rights in its widely recognized and famous CAPITAL ONE trademark and ![CapitalOne logo] logo. Specifically, Defendants' continued offering for sale, selling, and promoting real estate and real estate financing services

under the name and mark CAPITAL ONE GROUP breaches the parties' agreement, infringes Capital One's established trademark rights, dilutes the distinctive value of the famous CAPITAL ONE trademark, and constitutes cybersquatting and unfair competition.

## THE PARTIES

2.  Capital One is a Delaware corporation with a place of business at 1680 Capital One Drive, McLean, Virginia 22102.

3.  Defendant Capital One Group, LLC is a Florida company with a place of business at 21 Seneca Road, Fort Lauderdale, Florida 33308.

4.  Defendant Eric Willner is an individual with an address at 21 Seneca Road, Fort Lauderdale, Florida 33308.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Capital One and Defendants reside in different states—namely Virginia and Florida, respectively—and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Capital One's state law claims because those claims are substantially related to Capital One's federal Lanham Act claims.

6.  This Court has personal jurisdiction over Defendants, and venue is proper in the Eastern District of Virginia pursuant to the terms of the parties' October 30, 2017 Settlement Agreement ("2017 Settlement Agreement").  Paragraph 14 of the 2017 Settlement Agreement provides as follows:

> This Agreement is governed solely by, and construed solely in accordance with, the laws of the Commonwealth of Virginia and any applicable federal law, irrespective of any conflict-of-law issues.  The parties irrevocably consent and submit to the

jurisdiction of the U.S. District Court for the Eastern District of Virginia as the sole jurisdiction for resolution of any dispute involving or relating in any way to this Agreement (except for appeals). Willner will waive service under Rule 4 of the Federal Rules of Civil Procedure (or any other applicable rules) and will accept service by the means provided in Paragraph 8.

A copy of the 2017 Settlement Agreement is attached as Exhibit D.

## CAPITAL ONE AND ITS FAMOUS CAPITAL ONE TRADEMARK AND LOGO

6. Capital One is one of the largest and best known financial institutions in the United States. Capital One is a diversified financial services company whose principal subsidiaries, Capital One Bank (USA), National Association and Capital One, National Association, offer a broad spectrum of financial products and services to consumers, small businesses, and commercial clients. Capital One is a Fortune 500 company, trades on the New York Stock Exchange, and is included in the S&P 100 index.

7. Capital One offers a range of financial services in connection with the CAPITAL ONE trademark and logo (as well as other marks comprised of and containing CAPITAL ONE), including credit cards (it is the fourth largest issuer of VISA and MASTERCARD credit cards in the United States) and various banking services, such as real estate financing, savings accounts, checking accounts, certificates of deposit, and money market accounts; equity loans, lines of credit, and installment loans; and automobile financing.

8. Capital One has spent billions of dollars over the years, and spends hundreds of millions of dollars annually, advertising, marketing, and promoting its CAPITAL ONE-branded services through a variety of national media, including television, radio, Internet, direct mail, and print advertisements. From 2010 to 2017, Capital One spent more than $11 billion advertising and promoting the CAPITAL ONE name and mark, including more than $1.6 billion in 2017 alone.

9. Capital One also promotes its name and marks through various high-profile

sponsorships, including, for example: (1) a prominent collegiate football bowl, branded the CAPITAL ONE ORANGE BOWL; (2) the NCAA March Madness basketball tournament; (3) the CAPITAL ONE CUP award for the best collegiate athletics programs in the country; (4) as a Corporate Champion of the NCAA; and (5) the iHeartRadio Jingle Ball concert tour.

10. The CAPITAL ONE mark and logo have become well-known and famous by virtue of extensive public exposure and the tremendous success of Capital One's products and services.

11. Capital One has obtained a number of federal trademark registrations comprised of and/or containing CAPITAL ONE, including its corporate logo (shown below):

| Mark | Reg. No. | Services | Reg. Date |
|---|---|---|---|
| CapitalOne | 1,992,626 | Financial services, namely consumer and commercial banking; processing, funding, underwriting and administering annuities; financial card, debit card and credit card services, namely processing, underwriting, issuing, servicing and administering credit cards, chip cards, debit cards, corporate cards, and secured cards; electronic funds transfer provided through automated teller machines; investment consultation, namely financial and investment planning and consulting; consumer and commercial leasing financing; real estate financing, namely mortgage lending, home equity loans, and commercial equity financing. | 8/13/96 |
| CAPITAL ONE | 2,065,992 | Financial services, namely consumer banking, namely secured and unsecured consumer installment lending; real estate financing, namely mortgage lending; and home equity loans. | 5/27/97 |

| | | | |
|---|---|---|---|
| CAPITAL ONE | 2,065,991 | Credit card services, namely processing, underwriting, issuing, servicing and administering credit cards and secured cards. | 5/27/97 |
| CAPITALONE.COM | 2,075,171 | Providing financial information by means of a global communication network. | 7/1/97 |
| CAPITAL ONE | 3,442,400 | Banking and financial services, namely, credit card services; mortgage lending and home equity loans; farm equipment, automobiles and recreational vehicle financing; secured and unsecured installment loans; certificate of deposits, individual retirement accounts, money market, and checking accounts; investment brokerage including stocks, bonds and mutual funds; retirement planning; trust services; and management of mutual funds; Insurance services, namely, brokerage and administration of insurance in the field of life, health, disability, dental, vision, property, and casualty | 6/3/08 |
| CapitalOne (logo) | 3,989,909 | Credit card services | 4/5/11 |

Computer printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit A. Registration Nos. 1,992,626; 2,065,992; 2,065,991; 2,075,171; and 3,442,400 have become incontestable.

12.  Capital One's rights in its CAPITAL ONE mark and logo date back to at least as early as 1994 and long predate Defendants' corporate registration and use of the CAPITAL ONE GROUP mark and name.

**DEFENDANTS' PRIOR WRONGFUL ACTS**

13. On January 25, 2005, Capital One Group filed Articles of Organization with the Florida Secretary of State's office registering its business under the name "Capital One Group, LLC."

14. Capital One Group used and held itself out as CAPITAL ONE GROUP, with Capital One Group's managing member Eric Willner controlling and directing the offering of Defendants' real estate and real estate financing services.

15. In or around February 2013, Eric Willner registered the domain name capitalonegroup.com with the GoDaddy.com, LLC domain name registrar. In or around February 2009, Eric Willner registered the domain name automaticlandlord.com with the GoDaddy.com, LLC domain name registrar. Defendants operated the www.capitalonegroup.com and www.automaticlandlord.com websites in connection with their real estate, property management, and real estate financing services. As part of Defendants' real estate financing services, they provided customers with information on pre-qualification, daily mortgage rates, and mortgage calculators.

16. Until at least March 2017, Defendants' www.automaticlandlord.com website prominently displayed the following logo in connection with Defendants' real estate and real estate financing services.



Printouts of the www.automaticlandlord.com website are attached as Exhibit B. Defendants have since removed the CAPITAL ONE GROUP logo from their website.

17. Eric Willner's LinkedIn profile, which listed him as the "Owner" of "Capital One

Group, LLC," used Capital One's corporate logo to identify Defendant Capital One Group and its services as follows:



**Owner**
Capital One Group, LLC
January 2005 – Present (12 years 6 months)

Capital One Group, LLC (COG) is a full-service real estate marketing and management company. Since its inception in 2005, COG has purchased over $40 million in income producing real estate for its investor clients. In addition to locating and purchasing the properties we offer cutting edge financing and free management. COG has no peers, and is featured daily on the radio show "The Real Estate Show" heard each day at 7 a.m. and 6:30 p.m. on AM 740. This radio station is heard in Dade, Broward, Palm Beach, and Martin counties. The show can also be heard worldwide via Internet simulcast at www.wsbrradio.com

A printout of the https://www.linkedin.com/in/ericwillner webpage is attached as Exhibit C.

18. In November 2015, Capital One sent a letter to the Defendant Capital One Group demanding that it promptly cease any and all use of the CAPITAL ONE mark and name. Capital One and Eric Willner exchanged multiple communications regarding a possible resolution to Capital One's objection, but Defendants did not stop their unlawful activities. As a result, on June 30, 2017, Capital One filed a complaint alleging trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and cybersquatting in the Southern District of Florida (Case No. 17-cv-61306-BLOOM/Valle) (the "Florida Action").

## THE PARTIES' SETTLEMENT AGREEMENT

19. On October 30, 2017, Capital One and Defendants entered into the 2017 Settlement Agreement, whereby Capital One agreed to withdraw the Florida Action in exchange for Defendants ceasing all use of the CAPITAL ONE logo, the CAPITAL ONE GROUP mark and name, and any other variation of the CAPITAL ONE mark or name.

20. The 2017 Settlement Agreement gave Defendants until November 2, 2017 to cease all use of the CAPITAL ONE logo. *See* Exhibit D, ¶ 3.

21. The 2017 Settlement Agreement gave Defendants until March 15, 2018 to (a) phase-out all uses of the CAPITAL ONE GROUP mark or name, (b) transfer the

capitalonegroup.com domain name to Capital One, (c) file corporate name change documents with the Florida Secretary of State, and (d) cease any other use or activities related to CAPITAL ONE or any variation thereof. *See* Exhibit D, ¶¶ 4.

22. The 2017 Settlement Agreement required Capital One to provide written notice of any breach of the agreement to Defendants, after which time Defendants had thirty days to cure the breach. *See* Exhibit D, ¶ 17. Defendant's identified the following address where such written notices were to be sent:

> Mr. Eric Willner
> PO Box 273730
> Boca Raton, FL 33427

(the "Notice Address"). *See* Exhibit D, ¶ 8. If the breach was not cured after thirty days, the 2017 Settlement Agreement allowed Capital One to "take any and all action against the breaching party." *See* Exhibit D, ¶ 17.

23. Under the 2017 Settlement Agreement, Defendants acknowledged that "violating this Agreement at any time will cause immediate, irreparable, and immeasurable harm to Capital One, Capital One's reputation and goodwill, and/or Capital One's intellectual property." *See* Exhibit D, ¶ 18. If the 2017 Settlement Agreement was violated, Defendants agreed that:

Capital One will be entitled to:

    a.    preliminary and permanent injunctive relief;

    b.    specific performance and/or monetary damages;

    c.    liquidated damages in the amount of $100,000 per violation;

    d.    all costs and attorneys' fees that Capital One incurs in connection with the violation; and

    e.    any monetary or other relief awarded by a court, tribunal, mediator, or arbitrator.

>The remedies listed in (a)-(e) above will be cumulative, non-exclusive, and in addition to any other remedy to which Capital One may be entitled.

*See* Exhibit D, ¶ 18.

24. In exchange for these undertakings, Capital One dismissed the Florida Action with prejudice on November 4, 2018.

## **DEFENDANTS' CURRENT UNLAWFUL ACTIVITIES**

25. In January and February 2018, Capital One's counsel sent several communications to Willner regarding the 2017 Settlement Agreement and compliance with terms thereunder.

26. On March 29, 2018, Capital One's counsel sent Willner an email discussing what needed to be done to transfer the capitalonegroup.com domain name to Capital One, using the same email address that Willner used to communicate during the Florida Action.

27. On April 19, 2018, more than a month after the agreed upon phase-out date, Capital One's counsel sent Willner a notice letter regarding Defendants' ongoing breach of the 2017 Settlement Agreement via continued use of the CAPITAL ONE GROUP mark and name on the www.automaticlandlord.com website and failure to transfer the capitalonegroup.com domain name. A copy of the April 19, 2018 letter is attached as Exhibit E. The letter was sent to the Notice Address via Certified Mail, and also to Willner's home address and email address, both of which were used to communicate with Willner during the Florida Action.

28. To date, Defendants have not responded to Capital One's letter and remain in breach of the 2017 Settlement Agreement based on their unlawful activities described above.

29. In early June 2018, Capital One's counsel received its April 19, 2018 letter sent to the Notice Address back, marked as "Return to Sender; Not Deliverable as Addressed; Unable to Forward." Capital One has no reason to believe that Willner did not receive the letter sent to his

home address or email.

## INJURY TO CAPITAL ONE AND THE PUBLIC

30. Defendants' continued unauthorized uses of CAPITAL ONE GROUP mark and name are likely to cause confusion, mistake, and deception as to the source or origin of Defendants, their business, and/or their commercial activities with Capital One, its products, and/or its commercial activities.

31. Defendants' actions described above are likely to dilute the distinctiveness and value of Capital One's famous CAPITAL ONE mark.

32. Defendants' unauthorized uses of the CAPITAL ONE GROUP mark and name have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Capital One, the CAPITAL ONE mark, Capital One's reputation and goodwill associated with its mark, and the public's interest in being free from confusion, mistake, and deception.

33. Defendants' breach of the settlement agreement and their corresponding actions described above have caused immediate, irreparable, and immeasurable harm to Capital One, Capital One's reputation and goodwill, and/or Capital One's intellectual property.

34. Defendants know, and have known, that their unauthorized uses of the CAPITAL ONE GROUP mark and name violate Capital One's rights in the CAPITAL ONE mark and logo. Defendants have thus acted knowingly, willfully, in reckless disregard of Capital One's rights, and in bad faith.

35. Capital One has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Breach of Contract Under
### Virginia Common Law

36. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of this Complaint.

37. The 2017 Settlement Agreement is valid and legally enforceable.

38. Defendants breached the 2017 Settlement Agreement when they continued using the CAPITAL ONE GROUP mark and name and the capitalonegroup.com domain name.

39. Defendants' continued use of the CAPITAL ONE GROUP mark and name and the capitalonegroup.com domain name has damaged and irreparably harmed Capital One.

## SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement Under
### Section 32(a) of the Lanham Act
### 15 U.S.C. § 1114(1)

40. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint.

41. Without Capital One's consent, Defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Capital One's registered CAPITAL ONE mark in connection with the offering, distribution, and advertising of services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## THIRD CLAIM FOR RELIEF
### Federal Trademark Infringement, False Designation
### of Origin, and Unfair Competition
### Under Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

42. Capital One repeats and realleges each and every allegation set forth in

paragraphs 1 through 41 of this Complaint.

43. Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services and/or goods, and/or Defendants' commercial activities by or with Capital One, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
### Trademark Dilution Under
### Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

44. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint.

45. Capital One's CAPITAL ONE mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendants' first use of CAPITAL ONE GROUP based on, among other things, the inherent distinctiveness and federal registration of the CAPITAL ONE mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

46. Defendants' actions, as described above, are likely to dilute the distinctive quality and harm the reputation of Capital One's famous CAPITAL ONE mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FIFTH CLAIM FOR RELIEF
### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

47. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 of this Complaint.

48. Defendants caused to be registered, registered, and/or used the

capitalonegroup.com domain name with a bad-faith intent to profit from Capital One's CAPITAL ONE mark.

49. Capital One's CAPITAL ONE mark was distinctive at the time Defendants caused to be registered, registered, and/or used the capitalonegroup.com domain name.

50. Capital One's CAPITAL ONE mark was famous at the time Defendants caused to be registered, registered, and/or used the capitalonegroup.com domain name.

51. The capitalonegroup.com domain name is confusingly similar to Capital One's CAPITAL ONE mark.

52. The capitalonegroup.com domain name is dilutive of Capital One's CAPITAL ONE mark.

53. Defendants' actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## SIXTH CLAIM FOR RELIEF
### Common-Law Trademark Infringement and Unfair Competition Under Virginia State Law

54. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 54 of this Complaint.

55. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Capital One, or as to the origin, sponsorship, or approval of Defendants, their services, and/or their commercial activities by or with Capital One such that Defendants' acts constitute infringement of Capital One's proprietary rights in its CAPITAL ONE mark, misappropriation of Capital One's goodwill in that mark, and unfair competition under Virginia common law.

### SEVENTH CLAIM FOR RELIEF
### Unfair Competition Under
### Virginia Stat. Ann. § 59.1-196 *et seq.*

56. Capital One repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

57. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the source, sponsorship, approval, affiliation, connection and/or association of Defendants, their services, and/or their commercial activities by or with Capital One, and thus constitute deception, fraud, and misrepresentation in connection with a consumer transaction under the Virginia Consumer Protection Act, Virginia Stat. Ann. § 59.1-196 *et seq.*

### JURY DEMAND

58. Pursuant to Fed. R. Civ. P. 38, Capital One respectfully demands a trial by jury on all issues properly triable by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Capital One respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

    A.    An Order declaring that Defendants' uses of the CAPITAL ONE GROUP mark and name infringe Capital One's CAPITAL ONE mark, constitute counterfeiting of the CAPITAL ONE mark, dilute the CAPITAL ONE mark, constitute unfair competition, and constitute a breach of the 2017 Settlement Agreement as detailed above;

    B.    An Order enjoining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with any of them:

    1.    From using, registering, or seeking to register any name, mark, logo, trade name, company name, source identifier, or designation comprised of or containing the CAPITAL ONE mark and/or logo (including CAPITAL ONE GROUP and/or CAPITAL ONE GROUP, LLC) or any other confusingly similar name, mark, logo, trade name, company name, source identifier, or designation in any manner likely to cause confusion with Capital One's CAPITAL ONE mark or logo, or to otherwise injure Capital One and/or its reputation;

    2.    From representing, by any means whatsoever, directly or indirectly, that Defendants, their services, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Capital One in any way; and

    3.    From assisting, aiding, abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs B(1) through (2) above.

    C.    An Order requiring Defendants to immediately retract and destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or materials and things that contain or bear the CAPITAL ONE GROUP mark and name and/or any other name, mark, trade name, company name, source identifier, or designation that contains or is confusingly similar to or dilutive of Capital One's CAPITAL ONE mark and/or logo;

    D.    An Order directing Defendants (and the relevant registrar) to transfer to Capital One the capitalonegroup.com domain name and all other domain names Defendants own or control that contain Capital One's CAPITAL ONE mark, are confusingly similar to Capital One's CAPITAL ONE mark, and/or are dilutive of Capital One's CAPITAL ONE mark;

E.      An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Capital One's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.      An Order requiring Defendants to account for and pay to Capital One all profits arising from Defendants' unlawful acts, and increasing such profits, including trebling them, for payment to Capital One in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.      An Order requiring Defendants to pay Capital One punitive damages in an amount to be determined due to the foregoing willful acts of Defendants;

H.      An Order requiring Defendants to pay statutory damages under 15 U.S.C. § 1117(d), on election by Capital One, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the capitalonegroup.com domain name;

I.      An Order requiring Defendants to pay liquidated damages in the amount of two hundred thousand dollars ($200,000) for use of the CAPITAL ONE GROUP mark and name and registration of the capitalonegroup.com domain name as provided in the 2017 Settlement Agreement.

J.      An Order requiring Defendants to pay Capital One damages, in an amount to be determined (but exceeding $75,000), resulting from Defendants' unlawful acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

K.      An Order requiring Defendants to pay Capital One's costs and attorneys' fees in this action pursuant to breach of the 2017 Settlement Agreement, 15 U.S.C. § 1117, Virginia common law, and other applicable laws; and

L.      Other relief as the Court may deem appropriate.

Dated: June 21, 2018

Respectfully submitted,

By: /s/ *Anna B. Naydonov*
Anna B. Naydonov
(VA Bar ID 80101)

Douglas A. Rettew (*Pro Hac Vice* in process)
Laura K. Johnson (*Pro Hac Vice* in process)
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)

Counsel for Plaintiff
Capital One Financial Corp.